504 So.2d 1092 (1987)
STATE of Louisiana
v.
George BLAISE, Jr.
No. 86-KA-673.
Court of Appeal of Louisiana, Fifth Circuit.
March 16, 1987.
*1093 Roy Mike Casio, Gretna, for appellant.
John M. Mamoulides, Dist. Atty., Twenty-Fourth Judicial Dist., Parish of Jefferson, Thomas Wilkerson, Dorothy A. Pendergast, Asst. Dist. Attys., Gretna, for appellee; Louise Korns, of counsel, Office of The District Attorney.
Before CHEHARDY, GRISBAUM and GOTHARD, JJ.
CHEHARDY, Chief Judge.
Defendant, George Blaise, Jr., was tried and convicted of disturbing the peace, a violation of LSA-R.S. 14:103, and aggravated assault on Ms. Sandra Bailko, a violation of LSA-R.S. 14:37. Following his conviction, he was sentenced to 90 days in parish prison. The sentence was thereafter suspended and defendant was placed on probation for one year and ordered to pay a fine of $150, plus court costs.
On appeal defendant asserts the evidence was insufficient to convict him of aggravated assault. He does not contest the conviction for disturbing the peace.
At trial of the matter, Ms. Bailko, a barmaid at the Roaring Twenties Lounge in Jefferson Parish, testified defendant entered the bar on June 3, 1985 brandishing a gun. She stated he appeared to be looking for someone. Ms. Bailko then left the barroom through a back door, and went around the building to a pay telephone where she called the police. Ms. Bailko testified at that point she observed defendant and two other people outside the bar arguing and fighting. Wilton Bernard, a patron of the barroom during the incident, testified as well. His testimony supported Ms. Bailko's version of the incident.
Defendant testified on his own behalf. While he admitted he entered the barroom with a weapon, he denied brandishing the gun when he entered. He claimed the gun was in his trousers and that he pulled the gun when he saw his girlfriend and best friend seated next to each other. According to defendant, he never pointed the gun at anyone other than those two people. Defendant stated that after he pulled the weapon, someone jumped him from behind and the gun fell to the floor. He said that shortly afterward, his friend handed him the gun and he (defendant) left the bar and threw the weapon into the street.
The police arrived a short time later and defendant was placed under arrest. No charges were filed against him by either his ex-girlfriend or her date.
The standard of review for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Cathey, 493 So.2d 842 (La.App. 5 Cir. 1986).
LSA-R.S. 14:37 defines aggravated assault as "an assault committed with a dangerous weapon." Assault is "an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery." LSA-R.S. 14:36.
*1094 A battery is defined, in pertinent part, in LSA-R.S. 14:33 as "the intentional use of force or violence upon the person of another."
In State in the interest of Tatom, 463 So.2d 35, 37 (La.App. 5 Cir.1985), this court, in setting forth the elements of assault, stated:
"The elements of assault are
(1) the intent-to-scare mental element (general intent);
(2) conduct by the defendant of the sort to arouse a reasonable apprehension of bodily harm; and
(3) the resulting apprehension on the part of the victim."
When circumstantial evidence is used to prove the commission of an offense, LSA-R.S. 15:438 mandates that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." This is not a separate test from the Jackson standard, but rather a helpful methodology for its implementation. State v. Chism, 436 So.2d 464 (La. 1983). Ultimately, all evidence, both direct and circumstantial, must be sufficient to satisfy a rational juror that defendant is guilty beyond a reasonable doubt. See State v. Captville, 448 So.2d 676 (La.1984).
In this case, defendant argues the State failed to prove the elements of assault. He asserts there is no direct or circumstantial evidence that Ms. Bailko was placed in apprehension of receiving a battery since she left the bar shortly after defendant entered. Furthermore, she did not testify to whether or not defendant's actions caused apprehension for her safety.
Our review of the evidence shows that both Ms. Bailko and Mr. Bernard testified defendant was holding the gun when he entered the bar. Ms. Bailko further stated defendant was brandishing the pistol when he entered. Although defendant denied this version of the events, the trial court weighed the testimony and apparently believed the witnesses. The appellate court will not disturb credibility determinations of the fact finder beyond an evaluation of sufficiency under the Jackson standard. Under that standard of review, the evidence was thus sufficient to prove the first two elements of the offense beyond a reasonable doubt.
As to the third element, the fact that Ms. Bailko left the bar and the fact that she did not testify as to whether or not she was apprehensive is not dispositive. She testified she did not leave the room until defendant focused his attention on his girlfriend and her date. At that time she told "the rest of the people that there was a man there with a gun." Taking one of the customers with her she then proceeded to immediately leave the scene and to contact the police. We find this evidence to be sufficient to prove her apprehension, viewing it in the light most favorable to the prosecution as required by the Jackson standard.
Accordingly, the defendant's conviction and sentence are hereby affirmed.
AFFIRMED.