994 P.2d 1025

**The STATE of Arizona, Appellee,**

**v.**

**Cynthia Marie GARZA, Appellant.**

**No. 2 CA–CR 99–0185.**

Court of Appeals of Arizona, Division 2, Department B.

Dec. 1, 1999.

Janet Napolitano, Arizona Attorney General by Paul J. McMurdie and Cynthia A. Ryan, Tucson, Attorneys for Appellee.

Isabel G. Garcia, Pima County Legal Defender by Scott A. Martin, Tucson, Attorneys for Appellant.

## OPINION

HOWARD, Judge.

¶1 After a bench trial, the trial court found appellant Cynthia Marie Garza guilty of aggravated assault with a deadly weapon, but simultaneously found the state had failed to prove the dangerous nature allegation and later sentenced Garza to a substantially mitigated term of 3.5 years' imprisonment. Because there was sufficient evidence that Garza used a gun and placed the victim in reasonable apprehension of imminent physical injury and because the inconsistency in the court's findings does not mandate reversal, we reject Garza's challenges to the finding of guilt and affirm.

¶2 We view the evidence and all reasonable inferences therefrom in the light most favorable to sustaining the judgment of conviction. *State v. Yoshida*, 195 Ariz. 183, 986 P.2d 216, ¶13 (App.1998). The victim, an apartment complex property manager, saw Garza, a nonresident of the complex, hiding in a stairwell and told her to leave the property. Garza insulted the victim and, when the victim continued to approach Garza, she moved her sweater to the side, pointed the gun in her belt at the victim, and told her, "you better think about it." The victim testified that "the hole where the bullet comes out through" was pointed at her. Although the victim did not typically call the police about trespassers, she testified that she had done so here because Garza had pointed a gun at her.

¶3 Garza first contends her aggravated assault conviction should be vacated because there was no evidence that the victim was placed in "reasonable apprehension of imminent physical injury." *See* A.R.S. §§ 13–1203(A)(2), 13–1204(A)(2). We will uphold a trial court's finding of guilt if it is supported by substantial evidence, which may be either circumstantial or direct. *Yoshida*, 195 Ariz. 183, 986 P.2d 216, ¶13; *State v. Anaya*, 165 Ariz. 535, 543, 799 P.2d 876, 884 (App.1990). "Substantial evidence is

more than a mere scintilla and is such proof that 'reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt.'" *State v. Mathers*, 165 Ariz. 64, 67, 796 P.2d 866, 869 (1990), *quoting State v. Jones*, 125 Ariz. 417, 419, 610 P.2d 51, 53 (1980). *See also State v. Fulminante*, 193 Ariz. 485, ¶24, 975 P.2d 75, ¶24 (1999).

¶4 The victim was not required to testify that she had been placed in reasonable apprehension of imminent physical injury, as long as that fact was established by other evidence. *State v. Wood*, 180 Ariz. 53, 66, 881 P.2d 1158, 1171 (1994). The trial court saw the victim's demeanor when she testified that the barrel of a gun had been pointed at her and that she had been personally threatened by Garza. And the victim testified that she was concerned for the safety of children playing nearby and had contacted the police because Garza had a gun, although she would not have done so if Garza were a mere trespasser. This evidence and the reasonable inferences therefrom were sufficient for the trial court to conclude that the victim was placed in reasonable apprehension of imminent physical injury. *See State v. Valdez*, 160 Ariz. 9, 11, 770 P.2d 313, 315 (1989) (knife held to victim's neck and cut on neck sufficient circumstantial evidence of fear and apprehension); *State v. Bolman*, 222 Ga.App. 534, 474 S.E.2d 721, 722 (1996) (presence of deadly weapon would normally place victim in reasonable apprehension); *People v. Ivy*, 133 Ill.App.3d 647, 88 Ill.Dec. 786, 479 N.E.2d 399, 405 (1985) (pointing gun, within shooting distance, at victim is assault); *State v. Blaise*, 504 So.2d 1092, 1094 (La.App.1987) (immediately leaving scene and contacting police sufficient to prove apprehension). *See generally State v. Butcher*, 120 Ariz. 234, 236, 585 P.2d 254, 256 (App.1978) (testimony that defendant had pointed gun at victim's stomach and threatened to "blow [his] head off" sufficient evidence of aggravated assault).

¶5 This case is distinguishable from *State v. Baldenegro*, 188 Ariz. 10, 13–14, 932 P.2d 275, 278–79 (App.1996), on which Garza relies. In that case, we held the evidence of apprehension insufficient as to one of the

victims, who had been sitting in a vehicle at which shots were fired, did not see the gun pointed at him or the vehicle, did not see bursts of flame from the shots, and did not react to the shooting. Here, however, the victim saw the barrel of the gun pointed at her, was personally threatened by Garza, and contacted the police because Garza had pointed the gun.

¶ 6 Garza next contends her aggravated assault conviction should be reversed because the trial court's guilty finding and its finding that the state failed to prove the dangerous nature allegation were inconsistent and judges in bench trials cannot enter inconsistent findings. The trial court's conclusions are inconsistent and irreconcilable because, under the facts in this case, aggravated assault and the dangerous nature allegation both required the state to prove beyond a reasonable doubt that Garza used a deadly weapon or dangerous instrument. A.R.S. §§ 13–1204(A)(2), 13–604(P).

¶ 7 Even though we do not approve of the trial court's entry of inconsistent findings, the inconsistency does not warrant reversal of the guilty verdict. As we concluded above, the guilty finding was reasonably supported by the evidence; moreover, the inconsistency redounds to Garza's benefit. And, had this been a jury trial, a similar verdict would not be subject to a similar challenge. *See State v. Zakhar*, 105 Ariz. 31, 32–33, 459 P.2d 83, 84–85 (1969) (consistency unnecessary; inconsistent verdicts may be result of leniency); *State v. DiGiulio*, 172 Ariz. 156, 162, 835 P.2d 488, 494 (App.1992) ("there is no constitutional requirement that verdicts be consistent."); *State v. Parsons*, 171 Ariz. 15, 15–16, 827 P.2d 476, 476–77 (App.1991) (no error in jury finding aggravated assault with deadly weapon but finding state had failed to prove dangerous nature of offense). The reasoning in Zakhar, that inconsistent jury verdicts may be the result of leniency, is

equally applicable to findings in bench trials. *See United States v. Wright*, 63 F.3d 1067, 1074 (11th Cir.1995) (judges may be exercising lenity in rendering inconsistent findings because they are "not as free to exercise lenity under the Sentencing Guidelines"). The trial court here could have been motivated by leniency in refusing to find the offense was of a dangerous nature as evidenced by the imposition of the substantially mitigated sentence. Such leniency should not require reversal of Garza's underlying conviction. *See Zakhar*, 105 Ariz. at 33, 459 P.2d at 85 ("Had the jury thought that its exercise of mercy would provide defendant with a basis for claiming that he could not be sentenced for the crimes of which he was found guilty, it is quite possible that there would have been guilty verdicts on all [of the] charges.").

¶ 8 Furthermore, the federal constitution does not prohibit a judge in a bench trial from exercising leniency. *See Harris v. Rivera*, 454 U.S. 339, 348, 102 S.Ct. 460, 465, 70 L.Ed.2d 530, 537 (1981) ("The [Federal] Constitution does not prohibit state judges from being excessively lenient [and rendering inconsistent findings]."). And other jurisdictions have permitted judges, like juries, to enter inconsistent findings. *See Wright*, 63 F.3d at 1074 ("[I]nconsistent verdicts, whether provided by juries or judges, are not subject to reversal merely because they are inconsistent."); *People v. O'Malley*, 108 Ill. App.3d 823, 64 Ill.Dec. 333, 439 N.E.2d 998, 1003–04 (1982) (legal inconsistency in bench trials not ground for reversal if rational explanation, such as lenity, for inconsistency); *Commonwealth v. Harris*, 239 Pa.Super. 603, 360 A.2d 728, 729 (1976) (judge has power to enter inconsistent findings); 75B Am.Jur.2d Trial § 1811 (1992) (most jurisdictions apply rule permitting inconsistent findings in bench trials).[1] Because our supreme court's reasoning in *Zakhar* also applies to inconsistent findings in bench trials and because such

---

1. *But see United States v. Maybury*, 274 F.2d 899, 901–03 (2d Cir.1960) (inconsistent verdicts in bench trial not permitted); *State v. Meyer*, 17 Kan.App.2d 59, 832 P.2d 357, 362–65 (1992) (reversing inconsistent bench trial findings); *State v. Anderson*, 320 Md. 17, 575 A.2d 1227, 1233 (1990) (inconsistent findings in bench trials ordinarily not permitted); *People v. Williams*, 99

Mich.App. 463, 297 N.W.2d 702, 703 (1980) (reversing inconsistent bench trial findings). See generally *W.E. Shipley, Annotation, Inconsistency of Criminal Verdict as Between Different Counts of Indictment or Information*, 18 A.L.R.3d 259, § 6 (1968 & Supp.1999) (discussing cases upholding and reversing inconsistent findings in bench trials).

inconsistencies are not prohibited by the federal constitution, *Harris*, we hold that the finding that the state failed to prove dangerousness does not require reversal of Garza's aggravated assault conviction.

¶ 9 Having rejected Garza's challenges, we affirm her conviction and the 3.5–year, substantially mitigated sentence the trial court imposed.

CONCURRING: PHILIP G. ESPINOSA, Chief Judge, and J. WILLIAM BRAMMER, Jr., Presiding Judge.