# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-1257

**STATE OF LOUISIANA**

**VERSUS**

**JOSEPH EUGENE BOUTTE, JR.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR110253
HONORABLE JULES DAVID EDWARDS, III, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ELIZABETH A. PICKETT
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and J. David Painter, Judges.

**CONVICTION AFFIRMED; SENTENCE VACATED;
AND REMANDED WITH INSTRUCTIONS.**

**Michael Harson**
**District Attorney, Fifteenth JDC**
**P.O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**Counsel for Appellee:**
**State of Louisiana**

**Harold Dewey Register, Jr.**
**Attorney at Law**
**216 Rue Louis XIV**
**Lafayette, LA 70508**
**(337) 981-6644**
**Counsel for Defendant-Appellant:**
**Joseph Eugene Boutte, Jr.**

**PICKETT, Judge.**

## FACTS

On the evening of December 7, 2005, Carencro police officers responded to a report of an aggravated assault at the business owned by the victim, Ronald Broussard. The victim reported that the defendant, Joseph Boutte, Jr., came to his place of business and, following an argument, the defendant pulled a gun and fired a shot into the dirt at the victim's feet.

The defendant was charged with possession of a firearm by a convicted felon in violation of La.R.S. 14:95.1, aggravated assault with a firearm in violation of La.R.S. 14:37.4, and bail jumping in violation of La.R.S. 14:110.1. The defendant waived his right to a trial by jury and was tried before a judge for the offense of aggravated assault with a firearm. Trial commenced on April 27, 2010, and, after a two-day trial, the defendant was found guilty as charged.

The defendant was sentenced on May 4, 2010, to four years at hard labor. In lieu of imprisonment, the defendant was ordered to serve the four years under electronically-monitored house arrest with special conditions. The defendant filed a "Motion and Order to Reconsider Sentence" that same day. The motion was denied.

The defendant appeals both the conviction and the sentence.

## ASSIGNMENTS OF ERROR

The defendant asserts two assignments error:

1. The trial judge erred in convicting the defendant of aggravated assault with a firearm — the evidence was insufficient to support a conviction for aggravated assault with a firearm.

2. The trial court erred in sentencing the defendant to four (4) years house arrest.

1

## ERRORS PATENT

In accordance with La.Code Crim. P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find two errors patent.

The record does not indicate that the trial court advised the defendant of the prescriptive period for filing an application for post-conviction relief as required by La.Code Crim.P. art. 930.8. The trial court is directed to inform the defendant of the provisions of Article 930.8 on remand.

The second error patent pertains to the appropriate sentencing provisions and will be fully discussed in Assignment of Error Number Two below.

## ASSIGNMENT OF ERROR NUMBER ONE

The defendant argues the state failed to present sufficient evidence to prove two necessary elements of the offense. The defendant argues the state failed to prove he possessed and fired a handgun during the argument with the victim and also failed to prove that the victim was in reasonable apprehension of receiving a battery as required by La.R.S. 14:36.

An aggravated assault with a firearm is defined as an assault committed by the discharge of a firearm. La.R.S. 14:37.4(A). An assault is defined as "an attempt to commit a battery, or the intentional placing of an other in reasonable apprehension of receiving a battery." La. R.S.14:36. A battery is defined as "the intentional use of force or violence upon the person of another." La.R.S. 14:33.

The standard of appellate review of a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, a

2

rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S Ct. 2781 (1979).

Mr. Broussard testified that a vehicle had been brought to his business for repairs by a dealership. He had not been paid for the work done on the vehicle. He had previously received calls from both the defendant's girlfriend and her father, both of whom wanted to come get the car and both of whom Mr. Broussard said were argumentative. On the day in question Mr. Broussard said that he received a phone call from the defendant. They argued over the phone.

Later that evening, Mr. Broussard, his brother-in-law Bryce Prejean, and a friend Jeff Richard, were relaxing at his shop after business hours. The defendant came to the door of the shop and began arguing with Mr. Broussard about the vehicle. Mr. Broussard acknowledged that, in his statement to police officers at the time of the incident, he told them the defendant pulled a gun and shot into the ground by his (Mr. Broussard's) feet. At trial, he would not acknowledge seeing the gun although he did not specifically deny it. At trial, he did specifically testify that he heard a shot and saw dirt kick up by his feet. After hearing the gunshot, he instructed Mr. Richard to give the defendant the keys to the vehicle at issue. The defendant then left.

Mr. Prejean testified that he was at the victim's shop after hours on the evening of the incident, relaxing and drinking beer. The defendant showed up at the shop and began arguing with Mr. Broussard. Mr. Prejean testified that he saw the defendant pull a gun out and shoot into the ground about twelve inches from Mr. Broussard's feet. Mr. Prejean testified that he was frightened. He further said that Mr. Broussard was trying to talk the defendant down.

3

Deputy Shawn Falke of the Lafayette Police Department worked for the Carencro Police Department at the time of the offense. He answered the call from the dispatcher that a complaint of aggravated assault had been called in by Mr. Broussard. When he arrived at the scene, the defendant was not there. He took a statement from Mr. Broussard who told him the defendant had shot at him during a dispute. He recovered a shell casing and found a discharged projectile in the dirt in the location the witnesses indicated the defendant had shot. He also took photos of the scene. Deputy Falke was accompanied by Officer William Walker who was training him. Officer Walker took some pictures, but his primary role was to observe Deputy Falke's investigation.

Several months after this incident, a gun was recovered from the defendant's vehicle. A ballistic analysis determined it to be the gun that fired the shot recovered from the scene at the victim's shop.

The defendant testified. He admitted to having an argument with Mr. Broussard. He testified that he went to the victim's shop with Nelson Andrus, his girlfriend's father, for the purpose of picking up the vehicle that was the subject of the argument. He said he told Mr. Broussard that he wanted the vehicle. He stated he heard a "pow" and turned and ran back to Andrus's trunk. He denied ever having a gun. He testified that Andrus had a gun. He further testified that the gun later recovered from his vehicle belonged to his cousin and that he had never possessed it.

At the conclusion of the trial, the trial judge found the defendant guilty of the offense charged, aggravated assault with a firearm.

The defendant's first argument, that the state failed to prove he possessed and fired a handgun, is without merit. It is clear that the court accepted Mr. Prejean's

4

testimony that the defendant pulled out a gun and shot into the dirt at the victim's feet. When the evidence is viewed in a light most favorable to the prosecution, the state proved beyond a reasonable doubt that the defendant both possessed and discharged the firearm.

In order to prove the commission of the offense of assault, it is necessary for the state to prove that the victim was placed in apprehension of receiving a battery. The defendant argues there is no proof that the victim was placed in apprehension of receiving a battery and, therefore, this element of the offense was not established.

Both direct and circumstantial evidence must be considered when reviewing a sufficiency claim. Circumstantial evidence of a victim's state of mind can be used to prove the element of reasonable apprehension. In *State v. Blaise*, 504 So.2d 1092 (La. App. 5 Cir. 1987), circumstantial evidence alone was relied upon in sustaining the defendant's conviction. The fifth circuit noted that the lack of testimony from the victim as to whether or not she was apprehensive was not necessarily dispositive of the issue. The court reviewed the victim's actions when the defendant came into the barroom brandishing a gun and determined that her actions clearly established her apprehension.

In the present case, the victim, Mr. Broussard, did not testify directly that he was placed in apprehension of receiving a battery. We must, therefore, review the circumstantial evidence submitted.

Louisiana Revised Statutes 15:438 sets forth:

> The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocense.

5

The testimony established that the vehicle was brought to Mr. Broussard's shop by a dealer. He had not been paid for the work. Prior to this incident, Mr. Boussard had talked to three different individuals who claimed the vehicle. A lady named Quintina, who was apparently the defendant's girlfriend, had called the shop wanting to retrieve the car. The victim had an apparent argument with her about the vehicle as she was not the person who had brought it to be repaired. Subsequently, Quintina's father had contacted the victim and the two had a verbal altercation regarding the car. On the day of this incident, the defendant called the victim on the phone and the two argued about the car. Mr. Broussard was unwilling to relenquish possession of the vehicle to any of these individuals. When the defendant appeared at the shop, he and Mr. Broussard again had an argument about the vehicle. The defendant then pulled a gun and shot into the ground at Mr. Broussard's feet. Mr. Broussard immediately instructed Mr. Richard to give the defendant the keys. Mr. Richard handed over the keys and the defendant left. As soon as the defendant left, Mr. Broussard called the police. Although Mr. Broussard testified at trial that he did not remember who called the police, the police records, as well as the statement given to the police at the time of the incident by Mr. Prejean, clearly indicate that Mr. Broussard made the phone call. The only conclusion we can reach is that the victim's actions immediately following the gunshot establish that he was placed in apprehension of receiving a battery. When viewed in a light most favorable to the prosecution, we find there was sufficient evidence to establish the defendant's guilt beyond a reasonable doubt.

## ASSIGNMENT OF ERROR NUMBER TWO

The defendant was convicted of aggravated assault with a firearm, which requires a sentence of imprisonment with or without hard labor for not more than five years or a fine of not more than five thousand dollars, or both. La.R.S. 14:37.4(C). The trial court sentenced the defendant to four years of house arrest in lieu of four years at hard labor because it determined that house arrest with electronic monitoring was "more suitable than incarceration or probation and house arrest [sic], and it would serve the interests of justice in this case." The judge noted that the sentence was being imposed under Act 159 of the 2009 Regular Session of the Legislature. Louisiana Code of Criminal Procedure Article 894.2, in effect at the time of the commission of the offense, stated in pertinent part:

> A. Notwithstanding any other provision of law to the contrary, a defendant may be sentenced to home incarceration in lieu of imprisonment under the following conditions:
>
> (1) The defendant is eligible for probation or was convicted of a misdemeanor or a felony punishable with or without hard labor.
>
> (2) In felony cases, the Department of Public Safety and Corrections, through the division of probation and parole, recommends home incarceration of the defendant and specific conditions of that home incarceration, or the district attorney recommends home incarceration, or, after contradictory hearing, the court determines that home incarceration would serve the best interests of justice.
>
> (3) The court determines that home incarceration of the defendant is more suitable than imprisonment or supervised probation without home incarceration.
>
> . . . .
>
> G. The sentence of home incarceration shall be for a period of not more than two years in felony cases and for a period not to exceed six months in misdemeanor cases.

7

In 2009, the Legislature increased the permissible term of home incarceration for a felony from two to four years. 2009 La. Acts No. 159, § 1. The trial court imposed an illegal sentence beyond that which was authorized by the La.Code Crim.P. art. 894.2 at the time of the commission of the offense.

Accordingly, we hereby vacate the defendant's sentence and remand to the trial court for imposition of sentence in accordance with law.

## CONCLUSION

The defendant's conviction is affirmed. The sentence is vacated, and this matter is remanded to the trial court for sentencing at which time the trial court is instructed to advise the defendant of the proper prescriptive period for post-conviction relief in accordance with La. Code Crim. P. Art. 930.8.

**CONVICTION AFFIRMED; SENTENCE VACATED; AND REMANDED WITH INSTRUCTIONS.**