NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

RAFAEL ALLEN ZAMORANO, *Appellant*.

No. 1 CA-CR 15-0040
FILED 9-29-2015

Appeal from the Superior Court in Maricopa County
No.  CR 2014-001829-001
The Honorable Karen A. Mullins, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Jon W. Thompson joined.

D O W N I E, Judge:

¶1          Rafael Zamorano appeals his convictions for aggravated assault and disorderly conduct.  Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel has searched the record, found no arguable question of law, and asked us to review the record for reversible error.  *See State v. Richardson*, 175 Ariz. 336, 339 (App. 1993).  Zamorano was given the opportunity to file a supplemental brief *in propria persona*, but he has not done so.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

¶2          T.H. drove her daughter, M.H., and cousin, E.J., to a restaurant.  The restaurant's small parking lot was full, so T.H. parked at an angle behind other parked cars and waited in the car with E.J. while M.H. went inside to order food to go.

¶3          Zamorano and two other men walked out of the restaurant to their Chevy.  Zamorano yelled, "[B]___, move out the way," and he and T.H. began yelling at each other.  By then, T.H. had opened the driver's side door and was standing up, facing Zamorano.  M.H. returned from the restaurant and stood near the passenger's side door, facing Zamorano. Zamorano stated, "I bet you'll move fast now, b___" and pointed a gun towards the women.  T.H. and M.H. got into their car and drove away. They noticed the Chevy behind them, so they pulled over and called the police.  Officers found an empty holster on Zamorano's person and a gun in the backseat of the Chevy.

¶4          Zamorano was charged with aggravated assault against T.H., a class three felony, in violation of Arizona Revised Statutes ("A.R.S.")

---

[1]          "We view the evidence in the light most favorable to sustaining the verdicts and resolve all inferences against appellant." *State v. Nihiser*, 191 Ariz. 199, 201 (App. 1997).

§ 13-1203(A)(2) and -1204(A)(2), and disorderly conduct against T.H., M.H., and/or E.J., a class six felony, in violation of A.R.S. § 13-2904(A)(6). A jury found Zamorano guilty of the charged offenses and found that both counts were dangerous offenses. The court sentenced Zamorano to 6.25 years' imprisonment for count one and a concurrent term of 2 years' imprisonment for count two. Zamorano timely appealed.

## DISCUSSION

**¶5** We have read and considered the brief submitted by Zamorano's counsel and have reviewed the entire record. *Leon,* 104 Ariz. at 300. We find no reversible error. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentences imposed were within the statutory range. Zamorano was present at all critical phases of the proceedings and was represented by counsel. The jury was properly impaneled and instructed. The jury instructions were consistent with the offenses charged. The record reflects no irregularity in the deliberation process.

**¶6** The record includes substantial evidence to support the jury's verdicts. *See State v. Tison*, 129 Ariz. 546, 552 (1981) (In reviewing for sufficiency of evidence, "[t]he test to be applied is whether there is substantial evidence to support a guilty verdict."). "Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *State v. Spears*, 184 Ariz. 277, 290 (1996). Substantial evidence "may be either circumstantial or direct." *State v. Henry*, 205 Ariz. 229, 232, ¶ 11 (App. 2003).

**¶7** For count one, the State was required to prove that Zamorano (1) intentionally placed T.H. in reasonable apprehension of imminent physical injury (2) using a deadly weapon or dangerous instrument. A.R.S. §§ 13-1203(A)(2), -1204(A)(2). T.H. testified that Zamorano took out a gun and pointed it at her, stating, "I bet you'll move fast now, b___." T.H. was facing Zamorano when he pointed the gun at her. She testified she was afraid because "if someone pulls a gun on you, you have no control over it, so . . . you're not the one in a position to say if they're going to use it or not." T.H. further testified that her daughter was pregnant at the time and she had her 11-year-old cousin with her, explaining, "I am scared, because . . . . You never know, like I said, when somebody pulls out a gun, you can never say what they will or won't do at that point in time."

**¶8** T.H.'s testimony was sufficient to establish the elements of aggravated assault. *See State v. Garza*, 196 Ariz. 210, 211, ¶ 4 (App. 1999)

(elements of assault established when victim testified gun was pointed at her, defendant threatened her, and she was concerned for safety of nearby children). Additionally, the jury heard corroborating testimony from M.H. and police officers. The jury also saw a video of the incident recovered from a surveillance camera at the restaurant.

¶9 The indictment lists T.H., M.H., "and/or" E.J. as the victims of count two. The jury found both T.H. and M.H. were victims of the disorderly conduct offense. However, T.H. may not be the victim of both counts because disorderly conduct, when charged under 13-2904(A)(6), is a lesser included offense of aggravated assault when charged under 13-1203(A)(2).[2] *See State v. Miranda*, 200 Ariz. 67, 68–69, ¶¶ 3, 5 (2001); *State v. Erivez*, 236 Ariz. 472, 475–76, ¶¶ 15, 17 (App. 2015). In reviewing the sufficiency of the evidence, we therefore consider only the evidence that supports M.H. as a victim for count two.

¶10 The State was required to prove that Zamorano (1) recklessly handled, displayed, or discharged a deadly weapon or dangerous instrument while (2) intentionally or knowingly disturbing the peace or quiet of M.H. A.R.S. § 13-2904(A)(6). M.H. testified that she returned from the restaurant to find Zamorano and T.H. arguing. M.H. attempted to speak with Zamorano, but he ignored her. M.H. walked to the passenger side door of T.H.'s car, which was roughly ten feet from Zamorano. Zamorano then pulled out a gun and stated, "I said move now, b___." M.H. testified "I don't know if [Zamorano] . . . proceeded to point [the gun] at me, but he pointed it at our vehicle, and I was standing in the way. And I think he was pointing at my mother because he was so upset and they were arguing." When questioned further, M.H. testified Zamorano "clearly pointed it at us. . . . so if he would have ultimately pulled the trigger, he would have shot me." M.H. stated she was "just so scared" when Zamorano pointed the gun. M.H.'s testimony was sufficient to establish the elements of disorderly conduct.

## CONCLUSION

¶11 We affirm Zamorano's convictions and sentences. Counsel's obligations pertaining to Zamorano's representation in this appeal have ended. Counsel need do nothing more than inform Zamorano of the status of the appeal and his future options, unless counsel's review reveals an

---

[2] Though the indictment does not specify statutory subsections, the language of each charge and of the jury instructions is consistent with these subsections.

issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Zamorano shall have thirty days from the date of this decision to proceed, if he desires, with an *in propria persona* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: ama