NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

EVAN ANDREW ARTISHON, *Appellant.*

No. 1 CA-CR 19-0538
FILED 10-8-2020

Appeal from the Superior Court in Maricopa County
No.  CR2019-002525-001
The Honorable Warren J. Granville, Judge (Retired)

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*


Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

_____

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Paul J. McMurdie[1] joined.

_____

**C A M P B E L L**, Judge:

¶1 Evan Artishon appeals his conviction and sentence for possession of marijuana. After searching the record on appeal and finding no arguable question of law, Artishon's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for fundamental error. Artishon was given the opportunity to file a supplemental brief but did not do so. Having reviewed the entire record, *see State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), we find no reversible error and affirm.

**BACKGROUND[2]**

¶2 Responding to a reported domestic violence incident, patrol officers separated Artishon and his two roommates, speaking to them individually. Based on their individual accounts, the officers concluded that Artishon was one of two aggressors in a physical altercation and arrested him for assault. During a search of his person incident to the arrest, a patrol officer discovered a green, leafy substance in Artishon's left hand. Although Artishon told the officers the substance was "CBD," subsequent testing revealed the substance was 1.90 grams of marijuana.

¶3 The State charged Artishon with possession or use of marijuana, a class six felony. Before trial, the State moved to designate the offense a class one misdemeanor and requested a bench trial. The superior court granted the State's motion, noting both parties agreed to the misdemeanor designation, and the case proceeded to a bench trial. *See Stoudamire v. Simon*, 213 Ariz. 296, 298-99, ¶¶ 6-13 (App. 2006) (explaining

_____

[1]     Judge Paul J. McMurdie replaces the Honorable Kenton D. Jones, who was originally assigned to this panel.

[2]     We view the facts in the light most favorable to sustaining the verdict. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

a defendant is not entitled to a jury trial for a misdemeanor possession of marijuana charge).

¶4        At trial, Artishon testified on his own behalf, stating he believed the green, leafy substance found in his hand was CBD that he had purchased from a smoke shop to help alleviate his anxiety. Although he acknowledged smoking marijuana in the past, Artishon stated that he had not done so for years. He also admitted having two prior felony convictions and acknowledged that he was on probation for those offenses.

¶5        The superior court found Artishon guilty of possession of marijuana, a class one misdemeanor, and found he was on probation at the time the instant offense was committed. At sentencing, the court placed Artishon on supervised probation for a period of two years. Artishon timely appealed.

## DISCUSSION

¶6        A person is guilty of possession of marijuana if he "knowingly [p]ossess[es]" marijuana.  A.R.S. § 13-3405(A)(1).  To knowingly possess marijuana, a person must believe or otherwise be aware that he has either "physical possession" or exercise "dominion or control" over the substance. A.R.S. § 13-105(10)(b), (34).

¶7        We will uphold a superior court's "finding of guilt if it is supported by substantial evidence, which may be either circumstantial or direct." *State v. Garza*, 196 Ariz. 210, 211, ¶ 3 (App. 1999). "Substantial evidence is more than a mere scintilla and is such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilty beyond a reasonable doubt." *Id.* (internal quotations omitted). To set aside a verdict for insufficient evidence, "it must clearly appear that upon no hypothesis . . . is there sufficient evidence to support" a finding of guilt. *State v. Arredondo*, 155 Ariz. 314, 316 (1987).

¶8        In this case, it is undisputed that Artishon was found holding 1.90 grams of marijuana in his hand. Although he told police, at the time of his arrest, that the green, leafy substance was CBD, and testified consistently at trial, the superior court, as the fact-finder, was in the best position to weigh the evidence and determine witness credibility. *State v. Fimbres*, 222 Ariz. 293, 297 ¶ 4 (App. 2009). Accordingly, we defer to the court's factual findings.

¶9        After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects that Artishon was

represented by counsel at all critical stages of the proceedings against him. The evidence presented supports the conviction, and the sentence imposed falls within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Artishon's constitutional and statutory rights. Therefore, we affirm Artishon's conviction and sentence.

¶10 Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Artishon of the outcome of this appeal and his future options. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Artishon has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA