STATE OF LOUISIANA

VERSUS

WENDELL L. LACHNEY

NO. 23-KA-78

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 21-5943, DIVISION "J"
HONORABLE STEPHEN C. GREFER, JUDGE PRESIDING

October 31, 2023

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and Stephen J. Windhorst

**SENTENCES ON COUNTS ONE AND TWO VACATED;**
**REMANDED FOR RESENTENCING**
  **SJW**
  **SMC**
  **MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUß RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Juliet L. Clark
     Thomas J. Butler

COUNSEL FOR DEFENDANT/APPELLANT,
WENDELL L. LACHNEY
     Frank G. DeSalvo
     Shannon R. Bourgeois

**WINDHORST, J.**

Appellant/defendant, Wendell L. Lachney, appeals his sentence of thirty years imprisonment at hard labor for vehicular homicide of A.D.,[1] while under the influence of alcohol with a blood alcohol content ("BAC") of 0.20% or more and other drugs (count one), a violation of La. R.S. 14:32.1. For the reasons that follow, we find errors patent in the record which require this court to vacate defendant's sentences on counts one and two and remand this matter for resentencing.

**PROCEDURAL HISTORY**

On December 28, 2021, the Jefferson Parish District Attorney's Office filed a bill of information charging defendant with vehicular homicide of A.D., while under the influence of alcohol and other drugs, in violation of La. R.S. 14:32.1 (count one), and with first degree vehicular negligent injuring upon Sarah Douglas, while under the influence of alcohol, in violation of La. R.S. 14:39.2 (count two). Defendant was arraigned and pled not guilty. On January 13, 2022, the State filed a superseding bill of information, specifying that defendant's BAC was "0.20 % or more" on both counts, and that he was also under the influence of "other drugs" on count two. Defendant was re-arraigned and pled not guilty. On September 6, 2022, the superseding bill of information was amended to reflect that defendant was born on "01/01/1963" instead of "10/01/1963."

On September 20, 2022, defendant withdrew his pleas of not guilty and pled guilty to the charged offenses.[2] Defendant waived the sentencing delays. After victim impact statements were presented and defense counsel made arguments concerning sentencing, the trial court sentenced defendant to thirty years

---

[1] La. R.S. 46:1844(W)(1)(a) provides in pertinent part, "The public disclosure of the name of the juvenile crime victim by any public official or officer or public agency is not prohibited by this Subsection when the crime resulted in the death of the victim." The victim, A.D., in count one was a minor at the time of her death. Because the bill of information and the State's brief to this court use the minor's initials, this court's opinion will also use the minor's initials.

[2] At the same time, defendant also pled guilty to five misdemeanor charges in district court case number 21-6880. The appeal relating to defendant's misdemeanor convictions and sentences is before this court in companion case number 23-KA-79.

imprisonment at hard labor on count one and to five years imprisonment at hard labor on count two. As to count two, the trial court stated it was going to "suspend that sentence and place [defendant] on five years of active probation upon [his] release from prison. Special conditions of probation—I shouldn't say I'm going to suspend that sentence. I'm going to run that sentence concurrent and place [defendant] on five years of active probation at the release from prison." The trial court ordered defendant to follow any special conditions of probation indicated on the "Felony Conditions of Probation form." Also, as conditions of probation on count two, the trial court (1) placed defendant on home incarceration "during that period of five years;" (2) prohibited defendant from driving a vehicle "during that period of five years;" (3) ordered defendant to obtain an evaluation from the Louisiana Department of Health and Hospitals; and (4) ordered defendant to complete any treatment recommended by that department or another agency in connection with that evaluation. The trial court imposed and suspended any mandatory fines and court costs finding defendant would be "obviously indigent and unable to pay those fines and fees" during his incarceration. The trial court recommended drug treatment and any self-help programs suitable to the Department of Corrections during his incarceration.

Defense counsel objected to the imposition of the sentence on count one as excessive, contending that defendant's two prior DWI convictions occurred twenty years before. After a discussion with the trial court, defense counsel indicated that he would follow up with a written motion. On September 21, 2022, defendant filed an Objection to Sentence, Motion to Reconsider Sentence and Request for Hearing, arguing that his maximum consecutive sentences were excessive given his remote criminal history, medical condition, and history of military service.

On October 26, 2022, prior to hearing defendant's motion to reconsider sentence, the trial court stated that it "misspoke" in imposing defendant's sentence

on count two as concurrent. The trial court stated that it always meant for the sentence on count two to run consecutive with defendant's sentence on count one, not concurrent. However, the trial court did not resentence defendant. Afterwards, the trial court denied defendant's motion to reconsider sentence.

On November 10, 2022, defendant filed a Motion to Reconsider Denial of Motion to Reconsider Sentence, which was denied by the trial court. On November 15, 2022, defendant filed a Notice of Appeal, challenging "the judgment and sentence," which was granted on November 29, 2022. On appeal, defendant's sole assignment of error is that his sentence as to count one is constitutionally excessive.

## FACTS

Because defendant pled guilty, the underlying facts were not fully developed at a trial. However, the amended superseding bill of information alleges that on count one defendant "violated La. R.S. 14:32.1 in that he did kill one, A.D., while engaged in the operation of a motor vehicle and under the influence of alcohol with a BAC of 0.20% or more and other drugs;" and that on count two, defendant "violated La. R.S. 14:39.2 in that he did while engaged in the operation of a motor vehicle and under the influence of alcohol with a BAC of 0.20% or more and other drugs, did [sic] inflict serious bodily injury upon Sarah Douglas."

The State also provided the following factual basis for the guilty pleas:

> [O]n or about October 22, 2021, the defendant, Wendall L. Lachney, violated Louisiana Revised Statute 14:32.1, vehicular homicide, in that he did kill one [A.D.] while engaged in the operation of a motor vehicle and under the influence of alcohol with a BAC greater than 0.20 percent.
>
> He also violated Louisiana Revised [Statute] 14:39.2, first degree vehicular negligent injuring, in that he did inflict serious bodily injury upon Sarah Douglas while engaged in the operation of a motor vehicle and under the influence of alcohol with a BAC greater than 0.20 percent.
>
> He did so by recklessly operating a white Infiniti at speeds around 60 miles per hour going southbound on Highway 23. Mr. Lachney was the driver and the sole occupant of that vehicle. He did not apply his brakes, and collided into a minivan lawfully stopped at a stoplight on Highway 23. A bottle of Jack Daniels, a bottle of wine, and an

open container of suspected beer was located inside the defendant's vehicle, as well as marijuana.

The defendant gave statements to police admitting that he had been drinking and had smoked marijuana prior to the collision. Approximately 2 hours and 28 minutes after impact, the defendant consented to a blood draw. Those results showed the defendant's BAC was .22 percent, and that narcotics were present in his system, including THC.

The negligent operation of that vehicle by the defendant caused serious bodily injury to Sarah Douglas, including a concussion, and resulted in the death of a nine-year-old victim, [A.D.]

## ERRORS PATENT REVIEW

Before considering the merits of defendant's sole assignment of error raised on appeal, we find that errors patent in the record require this court to vacate defendant's sentences on counts one and two and remand this matter for resentencing. The record was reviewed for errors patent, according to the mandates of La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990).

First, upon review, we find defendant received an illegally lenient sentence on count one (vehicular homicide of A.D.). The trial court sentenced defendant to thirty years imprisonment at hard labor. However, the bill of information, to which defendant pled guilty, charges that defendant's BAC was more than 0.20 percent, and the trial court stated that defendant had two prior convictions for DWI.

The penalty provision of La. R.S. 14:32.1 B provides in pertinent part:

B. Whoever commits the crime of vehicular homicide shall be fined not less than two thousand dollars nor more than fifteen thousand dollars and shall be imprisoned with or without hard labor for not less than five years nor more than thirty years. At least three years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. *If the operator's blood alcohol concentration is 0.15 percent or more by weight based upon grams of alcohol per one hundred cubic centimeters of blood, then **at least five years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence**. If the offender was previously convicted of a violation of R.S. 14:98, then **at least five years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence**.* The court shall require the offender to participate in a court-approved substance abuse program and may require the offender to participate

in a court-approved driver improvement program. All driver improvement courses required under this Section shall include instruction on railroad grade crossing safety. [Emphasis added.]

Despite the bill of information charging that defendant's BAC was 0.20 percent or more, and that the trial court stated defendant had two prior DWI convictions, defendant's sentence on count one was not imposed with a restriction of benefits for any period of time as required pursuant to La. R.S. 14:32.1 B.[3]

Generally, when a trial court does not mention the restriction of benefits, such conditions are deemed to exist by operation of law under La. R.S. 15:301.1.[4] State v. Thomas, 20-97 (La. App. 5 Cir. 11/04/20), 306 So.3d 568, 578; State v. Shelby, 18-186 (La. App. 5 Cir. 12/27/18), 263 So.3d 1223, 1228. However, in the instant case, the trial court having not imposed the statutory restrictions is not cured by La. R.S. 15:301.1 because La. R.S. 14:32.1 B provides that "*at least five years* of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence," if the operator's BAC was 0.15 or more, or if the offender was previously convicted of a violation of La. R.S. 14:98. The portion of the sentence to be served without benefits is therefore uncertain and is left to the discretion of the trial court. Whether five years must be served without benefits, or some greater length of time, cannot be determined and imposed by the Department of Corrections. Accordingly, we vacate defendant's sentence on count one and remand the matter for resentencing with instructions to the trial court to impose defendant's sentence on count one in accordance with the provisions of La. R.S. 14:32.1 B as it relates to the restriction of benefits. Shelby, 263 So.3d at 1228-29.

Because we are vacating defendant's sentence on count one and remanding the matter for resentencing, this court pretermits discussion of defendant's sole

---

[3] The bill of information does not allege that defendant had any prior conviction(s).

[4] La. R.S. 15:301.1 A provides in pertinent part: "The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence."

assignment of error wherein he contends that his sentence on count one is excessive.[5] See State v. Smith, 09-100 (La. App. 5 Cir. 08/25/09), 20 So.3d 501, 502, writ denied, 09-2102 (La. 04/05/10), 31 So.3d 357; State v. Clifton, 17-538 (La. App. 5 Cir. 05/23/18), 248 So.3d 691, 699.

Secondly, our review of the record further shows that there are sentencing issues as to count two (first degree vehicular negligent injuring). At the time of this offense, the penalty provision for La. R.S. 14:39.2 provided that whoever commits the crime of first degree vehicular negligent injuring shall be fined not more than two thousand dollars or imprisoned with or without hard labor for *not more than five years*, or both.

The trial court sentenced defendant on count two as follows:

> As to Count 2, the first degree vehicular negligent injuring, the Court is going to sentence you to five years in the Department of Corrections at hard labor. I am going to suspend that sentence and place you on five years of active probation upon your release from prison. Special conditions of probation—I shouldn't say I'm going to suspend that sentence. I'm going to run that sentence concurrent and place you on five years of active probation at the release from prison.
>
> Special conditions of probation would include that you follow any special conditions of probation as indicated on the Felony Conditions of Probation form. You are also to be placed on home incarceration during that period of five years, and you are prohibited from driving a vehicle during that period of five years. You are also to obtain an evaluation from the Louisiana Department of Health and Hospitals and complete any treatment recommended by that department and any other agency in connection with that evaluation.

Thereafter, the trial court stated:

> It is the Court's intention, Mr. Lachney, in imposing that sentence and the five years of probation that if "you are released at some point on a parole, you will be released to probation where there is further supervision as opposed to just being released on parole so that the Court can impose those additional requirements, and that is the intention behind that five-year probationary period.

---

[5] Although there are additional errors with the sentence (*i.e.*, the trial court did not require defendant to participate in a court-approved substance abuse program in compliance with La. C.Cr.P. art. 14:32.1 B or impose the mandatory fine), these errors are moot because we are vacating defendant's sentence on count one and remanding the matter for resentencing.

During the October 26, 2022 hearing on defendant's motion to reconsider sentence, in discussing[6] defendant's sentence imposed on count two, the trial court stated:

> Well, you filed a motion to reconsider. The Court was going to take the opportunity at that point to correct the sentence where I misspoke. And I'm not exactly sure what I was thinking when I said it. Apparently, at one point, I said that the sentence in the negligent injuring charge would run consecutive, which was always my intent, to the vehicular homicide charge. And if you look at the structure of the sentence, that's the only thing that makes sense in that I intended to put [defendant] on probation following any parole that he may receive on the vehicular homicide charge. So I would have to have a sentence out there to put him on probation on. If I ran it concurrent, it doesn't make sense to have those two sentences together. That wouldn't make sense logically.
>
> That being said, apparently, at some point later on in the sentencing of [defendant], I said the word "concurrent" instead of "consecutive." So I just wanted to clarify the record that it was the Court's intention, and always had been the Court's intention, to sentence [defendant] consecutively, as previously indicated on the record, that the negligent injuring charge would run consecutive to the vehicular homicide charge, thus, giving the five years of active probation, meaning should [defendant] be released on parole that the other sentence would be out there, he'd actually have that probation out there as well, so those conditions of probation that the Court had imposed could have meaning, as I said.
>
> So, with that, unless you need more than that, Mr. DeSalvo [defense counsel], I think that corrects the issue. It was simply a situation where I misspoke, and one time I said "concurrent," one time I said "consecutive."
>
> Everybody knew what the Court's intention was, so I think it went in and out until we looked at it later and said, oops.[7]

Based on these transcripts, we find it difficult to determine defendant's exact sentence on count two. The sentencing transcript shows that the trial court initially sentenced defendant to five years imprisonment at hard labor, suspended the sentence, and placed defendant on active probation for five years. The trial court then indicated that the five-year sentence on count two was not suspended, and the

---

[6] After finding a discrepancy in defendant's sentence as to count two, the trial court *discussed* what its intention was in sentencing defendant as to that count. Despite the attempt "to correct" or "clarify" defendant's sentence on count two, the trial court did not vacate and resentence defendant on count two.

[7] The trial court then only asked the State if it had "[a]ny objection to handling it that way," to which the State responded "No objection, Judge."

court ran the sentence concurrently with count one and placed defendant on active probation for five years "at the release of prison." The trial court then stated as a special condition of probation, defendant is to be placed on home incarceration "during that period of five years." Thereafter, the transcript of the motion to reconsider sentence hearing shows the trial court clarifying defendant's sentence on count two wherein the trial court avers that it mistakenly stated count two was to run concurrently instead of consecutively to count one. The trial court asserted that it was always its intention to run defendant's sentence on count two consecutively with his sentence on count one. At that point, however, the trial court did not vacate defendant's sentence on count two and resentence him in accordance with its stated intention to make defendant's sentence on count two consecutive with his sentence on count one. The defendant's motion to reconsider sentence was then denied.

Additionally, the September 20, 2022 sentencing minute entry and the *Nunc Pro Tunc* minute entry on September 22, 2022 provide: "On Count 2, the Court sentenced the Defendant to imprisonment at hard labor for a term of 5 years." The minute entries further state: "Defendant is placed on active probation for a term of 5 years upon release from D.O.C." The Uniform Commitment Order ("UCO") provides that defendant's sentence on count two is five years as shown in "Total Sentence Length" and "Amount of Time in DPS&C Custody" sections of the UCO. Additionally, the UCO includes as a "Sentence Condition," pre-printed on the form, that defendant is ordered "to report to start serving a probation sentence upon conclusion of his hard labor sentence (split sentence)." The UCO further provides that defendant's sentences are "concurrent" with "ALL COUNTS and with case #21-6880." However, the "Waiver of Constitutional Rights Plea of Guilty" form shows defendant understood his sentence as to count two to be "5 years to run consecutive with sentence for La. R.S. 14:32.1, credit for all time served, suspended imposition

of sentence active probation for a period of 5 years," as shown by his initials and signature on the form.[8]

Consequently, as to defendant's sentence on count two, it is unclear whether the entirety of defendant's five-year sentence was suspended and defendant was placed on five years active probation or whether defendant's sentence was five years imprisonment at hard labor and active probation for five years upon his release from imprisonment. Because defendant's sentence on count two is unclear, we find it is indeterminate. La. C.Cr.P. art. 879 provides, "If a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence." If a sentence is indeterminate, the sentence should be vacated and the matter remanded for resentencing. See State v. King, 22-371 (La. App. 5 Cir. 05/24/23), 365 So.3d 897, 918; State v. Holmes, 12-351 (La. App. 5 Cir. 12/11/12), 106 So.3d 1076, 1084, writ denied, 13-86 (La. 06/14/13), 118 So.3d 1080; State v. Lai, 04-1053 (La. App. 5 Cir. 04/26/05), 902 So.2d 550, 562, writ denied, 05-1681 (La. 2/3/06), 922 So.2d 1175.

Further, in sentencing defendant on count two, the trial court stated that as a special condition of probation defendant was to be placed on home incarceration "*during that period of five years*." The record is unclear as to how long defendant is sentenced to home incarceration and therefore, defendant's sentence is also indeterminate as to the imposition of home incarceration. La. C.Cr.P. art. 879. Moreover, La. C.Cr.P. art. 894.2 H provides: "The period of home incarceration shall be for a period of *not more than four years in felony cases* and for a period not to exceed six months in misdemeanor cases." [Emphasis added.] To the extent that the trial court placed defendant on home incarceration for the entire term of the five

---

[8] In his appellate brief, defendant states that the trial court sentenced him to serve a "five (5) year sentence in connection with his guilty plea to count two." He also states that the sentence for "count two was suspended and the trial court judge placed the defendant on five (5) years of probation." In the State's appellee brief, it does not provide a specific sentence imposed on defendant as to count two. Instead, the State quotes the trial court during sentencing and the hearing on defendant's motion to reconsider sentence.

years of probation, this condition would exceed the period of time permitted by statute and it would be an illegal sentence. See State v. Boutte, 10-1257 (La. App. 3 Cir. 05/11/11), 65 So.3d 793, 797-98.[9]

Therefore, for the reasons stated herein, we vacate defendant's sentence on count two and remand the matter for resentencing with instructions to the trial court to impose defendant's sentence in compliance with the provisions of La. R.S. 14:39.2 and La. C.Cr.P. art. 894.2.[10]

**DECREE**

Considering the errors patent as stated herein, defendant's sentences on counts one and two are vacated and the matter is remanded to the trial court for resentencing.

**SENTENCES ON COUNTS ONE AND TWO VACATED; REMANDED FOR RESENTENCING**

---

[9] In Boutte, the court of appeal vacated defendant's sentence of four years of home incarceration for aggravated assault with a firearm and remanded the matter for resentencing. The court found that the trial court imposed an illegal sentence because the statute in effect at the time of sentencing only allowed the trial court to impose a sentence of home incarceration for a felony for a period of not more than two years.

[10] We find there are additional errors with defendant's sentence on count two. Specifically: (1) the record does not indicate that the court gave defendant a certificate setting forth the conditions of probation and that defendant agreed in writing to those conditions, as required by La. C.Cr.P. art. 895 J, and (2) the trial court did not specify all of the conditions of home incarceration at the time of sentencing or give defendant a certificate setting forth the conditions of his home incarceration as required by La. C.Cr.P. art. 894.2. However, these issues are deemed moot because we are vacating defendant's sentence on count two and remanding the matter for resentencing.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **OCTOBER 31, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 23-KA-78

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN C. GREFER (DISTRICT JUDGE)
JULIET L. CLARK (APPELLEE)          THOMAS J. BUTLER (APPELLEE)          FRANK G. DESALVO (APPELLANT)

### MAILED
SHANNON R. BOURGEOIS (APPELLANT)          HONORABLE PAUL D. CONNICK, JR.
ATTORNEY AT LAW                            (APPELLEE)
739 BARONNE STREET                         DISTRICT ATTORNEY
NEW ORLEANS, LA 70113                      TWENTY-FOURTH JUDICIAL DISTRICT
                                           200 DERBIGNY STREET
                                           GRETNA, LA 70053